IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ALBERT KLOHR and JUDITH LEE KLOHR,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 05-456-GPM ) |
| **MARTIN & BAYLEY, INC., d/b/a Hucks Convenience Store,** | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

      This matter is before the Court on Defendant's motion for withdrawal of reference of these proceedings from the bankruptcy court. This motion can be adequately decided on the papers; therefore, Plaintiffs' request for a hearing is denied.

      In February 2005, Plaintiffs filed an action in Illinois state court against Defendant. The state court complaint is not part of the record at this time, but Plaintiffs characterize some of their claims as "causes of action for personal injury" (Doc. 2, ¶ 2). According to Defendant, Plaintiffs' state law complaint includes a claim for products liability (Doc. 1, ¶ 1). In April 2005, Plaintiffs filed a joint voluntary personal bankruptcy petition under Chapter 13 of the Bankruptcy Code. In June 2005, Defendant removed the state court action to the bankruptcy court under 28 U.S.C. § 1452. In the bankruptcy court, Plaintiffs filed a Motion for Mandatory Abstention, or in the Alternative for Permissive Abstention, or in the Alternative to Remand. Thereafter, Defendant moved to withdraw the reference from the bankruptcy court and have Plaintiffs' injury action proceed in this

Court. Plaintiffs oppose the reference motion. During a status conference in the bankruptcy court, United States Bankruptcy Judge Kenneth J. Meyers recommended the withdrawal of reference to the district court.

Defendant argues that the withdrawal of reference is both mandatory and permissive under 28 U.S.C. § 157(d) under the circumstances of this case. Because the Court, in its discretion, finds that withdrawal is permissive, it need not discuss whether it is mandatory. Under the first sentence of § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Plaintiffs and Defendant agree, citing *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 187-88 (N.D. Ill. 1997), that the appropriate factors to consider in determining whether a discretionary withdrawal is appropriate are: (1) judicial economy; (2) promotion of uniformity and efficiency in bankruptcy administration; (3) reduction of forum shopping; (4) delay and cost to the parties; (5) the particular court's familiarity with the case; and (6) whether the adversary proceeding is core or non-core. Importantly, both sides agree that the instant adversary proceeding is a non-core proceeding, refuse to consent to entry of final orders or judgment by the bankruptcy court, and demand a jury trial. As Plaintiffs acknowledge, whether a matter is core or non-core and whether a right to jury trial exists are key factors in the permissive withdrawal analysis, and often the analysis of the other factors hinges on these determinations. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 ($2^d$ Cir. 1993). Plaintiffs argue, however, that the timing of the withdrawal motion should be taken into consideration. They ask that this Court deny the withdrawal to allow the bankruptcy court to consider the motion to remand. Should the motion be denied and the case become trial ready, at that point they suggest the withdrawal motion would be appropriate. The problem with Plaintiffs' suggested procedure is that the district court is in a better position to address the issues raised in this

admittedly non-core proceeding.[1]  This is evidenced by the fact that the bankruptcy court has recommended withdrawal.

Moreover, aside from the fact that neither party has consented to final orders or judgment being entered by the bankruptcy court and both sides have demanded trial by jury, § 157(b)(5) requires that this action be tried in the district court.  *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.").  As noted repeatedly above, the parties expressly do *not* consent to the bankruptcy judge conducting the jury trial in this case; therefore, it cannot do so under § 157(e).

For the foregoing reasons, the Court, in its discretion, withdraws this entire proceeding from the bankruptcy court.  Defendant's motion for withdrawal of reference (Doc. 1) is **GRANTED**.  Plaintiffs' motion for a hearing thereon (Doc. 5) is **DENIED**.  The parties are **ORDERED** to file in this case all papers relating to the motion to remand, including the motion itself, **on or before February 6, 2006**.  They are **FURTHER ORDERED** to make part of the record in this case the state court complaint and notice of removal that was filed in the bankruptcy court.

**IT IS SO ORDERED.**

DATED:  01/27/06

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge

---

[1] Although the remand motion is not currently part of the record in this case, the preemption issues to be addressed are fairly set out in Defendant's motion for withdrawal of reference.