IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ALBERT KLOHR and JUDITH LEE KLOHR,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 05-456-GPM ) |
| **MARTIN & BAYLEY, INC., d/b/a HUCKS CONVENIENCE STORE,** | ) ) ) |
| Defendant. | ) ) |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This action is before the Court on the Motion for Mandatory Abstention, or in the Alternative for Permissive Abstention, or in the Alternative Remand brought by Plaintiffs David Albert Klohr and Judith Lee Klohr (Doc. 10). For the following reasons, the motion is **GRANTED**.

## INTRODUCTION

Plaintiffs originally filed this action in February 2005 in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, asserting claims for consumer fraud, breach of warranty, strict products liability, negligence, and loss of consortium against Defendant Martin & Bayley, Inc. ("Huck's Convenience Store") in connection with sales of Marlboro Lights cigarettes. In April 2005, Plaintiffs filed a joint voluntary personal bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Illinois.

In June 2005, Defendant removed the state court action to the bankruptcy court under 28 U.S.C. § 1452. Thereafter, Plaintiffs moved for remand of this action on grounds of mandatory

abstention, permissive abstention, and equitable remand. By Order entered January 27, 2006, the Court withdrew the reference of this case to the bankruptcy court. On May 1, 2006, the Court conducted a hearing on Plaintiffs' motion for remand of the action to state court. At the close of the hearing, the Court granted Plaintiffs' motion. As stated in the Court's minute entry regarding the May 1st hearing, the Court now issues this Order setting forth the grounds for remand.

### DISCUSSION

The bankruptcy jurisdiction of the federal courts is governed by 28 U.S.C. § 1334, which provides, in pertinent part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" of the United States Code, as well as "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." *Id*. § 1452(b).

     A.     **Mandatory Abstention**

Mandatory abstention in bankruptcy cases is governed by 28 U.S.C. § 1334, which provides, in pertinent part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Mandatory abstention is appropriate where four criteria are met: (1) the case is based on a state-law claim that, although related to a case under title 11, does not arise under title 11 or arise under a case under title 11; (2) there is no independent basis for federal jurisdiction for the claim other than the bankruptcy proceeding; (3) an action has been commenced in a state forum; and (4) the case could be timely adjudicated in state court. *See In re Demert & Dougherty, Inc.*, No. 01CV7289, 2001 WL 1539063, at *7 (N.D. Ill. Nov. 30, 2001); *In re Bill Cullen Elec. Contracting Co.*, 160 B.R. 581, 585 (Bankr. N.D. Ill. 1993); *Bates & Rogers Constr. Corp. v. Continental Bank, N.A.*, 97 B.R. 905, 907 (N.D. Ill. 1989). If a motion to abstain is disputed, the movant has the burden of proof on the existence of these elements. *See In re Talon Holdings, Inc.*, 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998); *In re Carlson*, 202 B.R. 946, 949 (Bankr. N.D. Ill. 1996); *In re Coan*, 95 B.R. 87, 89 (Bankr. N.D. Ill. 1988); *but see McCormick v. Kochar*, No. CIV. A. 99-5045, 1999 WL 1051776, at *1 (E.D. Pa. Nov. 19, 1999) (placing the burden on the party opposing abstention to demonstrate that a case could not be timely adjudicated in the state court).

In this case, Plaintiffs moved for remand on grounds of mandatory abstention less than thirty days after this case was removed so that their request for mandatory abstention is timely. *See Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 642-44 (E.D. Pa. 2005) (a motion for mandatory

abstention in a state court action removed to federal court based on a debtor's bankruptcy filing was timely, though it was not filed until after the movant successfully moved for withdrawal of the reference to the district court, where the motion was filed within thirty days of removal of the proceeding from state court); *In re Chiodo*, 88 B.R. 780, 785-86 (W.D. Tex. 1988) (a motion for abstention and to remand was timely filed, where the motion for abstention, filed one month after a third party was made a party, was the first pleading filed by the third party); *cf. In re Novak*, 116 B.R. 626, 628 (N.D. Ill. 1990) (mandatory abstention was waived because the motion to abstain was filed by the defendant one year after it had answered the complaint in an adversary proceeding).

The first requirement for mandatory abstention is met in this instance because this case is based on state-law claims that, although related to a case under title 11, do not arise under title 11 or arise under a case under title 11. Cases arising under title 11 or under a case under title 11 constitute of course core proceedings. *See* 28 U.S.C. § 157(b)(2); *In re United States Brass Corp.*, 110 F.3d 1261, 1268-69 (7th Cir. 1997). Under the law of this Circuit, "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). By contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id*. Although such a proceeding "may be *related* to the bankruptcy because of its potential effect, . . . it is [nonetheless] an 'otherwise related' or non-core proceeding." *Id*. (emphasis in original). In this case, the rights asserted are all created by state law, not bankruptcy law, and this case clearly could exist outside of bankruptcy court. *See Wood*, 825 F.2d at 97 (holding that "a state contract action that, had there been no bankruptcy, could have

proceeded in state court" is not a core proceeding); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 611 (S.D. Tex. 1999) (holding that a case did not involve core proceedings where "all of the alleged tortious conduct and breaches of contract occurred pre-petition").

The second requirement for mandatory abstention is met because the sole basis for federal subject matter jurisdiction in this case is bankruptcy. It is undisputed that Plaintiffs and Defendant are all citizens of Illinois, thus defeating federal diversity jurisdiction, *see* 28 U.S.C. § 1332; *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989), nor does this case present any question of federal law, save perhaps by way of a defense, *see* 28 U.S.C. § 1331; *Hart v. Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004). *See also Price v. Philip Morris, Inc.*, No. 96236, 2005 WL 3434368, at *45 (Ill. Dec. 15, 2005). Although Defendant argues at great length that federal diversity jurisdiction would exist in this case had Plaintiffs joined as a party defendant Philip Morris USA, Inc. ("PMUSA"), the manufacturer of Marlboro Lights, the Court fails to see how the joinder of a diverse party would overcome the clear lack of diversity evidenced on the face of the pleadings.

To the extent Defendant's argument is that, had PMUSA been joined, the manufacturer could have established fraudulent joinder as to Huck's Convenience Store to defeat diversity, the Court disagrees. Without wishing to delve too deeply into collateral matters, the Court notes that, while it appears that Plaintiffs cannot establish a claim for consumer fraud under Illinois law against Huck's Convenience Store, *see Price*, 2005 WL 3434368, at *45, the Court could not find fraudulent joinder on the basis of a defense equally applicable as between PMUSA and Huck's Convenience Store. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574-75 (5th Cir. 2004) (holding that

fraudulent joinder cannot be established on the basis of a defense of preemption of state law by federal law that could be asserted by diverse and non-diverse defendants alike); *Collins v. American Home Prods. Corp.*, 343 F.3d 765, 769 (5th Cir. 2003) (same). Also, as noted, Plaintiffs assert claims for breach of implied warranty against Defendant. "[A] breach of implied warranty theory is a form of strict liability without the necessity of proving negligence or fault on the part of the defendant . . . . '[T]he strict liability theory is essentially the liability of implied warranty divested of the contract doctrines of privity, disclaimer and notice.'" *Nave v. Rainbo Tire Serv., Inc.*, 462 N.E.2d 620, 625 (Ill. App. Ct. 1984) (quoting *Dunham v. Vaughan & Bushnell Mfg. Co.*, 229 N.E.2d 684, 693 (Ill. App. Ct. 1967)).

Turning to the remaining factors governing the mandatory abstention analysis, this action was of course commenced in state court. *See Bates & Rogers Constr. Corp.*, 97 B.R. at 907-08; *see also Powell v. Hickory Springs Mfg. Co.*, No. 1:00CV467-D-D, 2001 WL 588857, at *3 (N.D. Miss. Feb. 12, 2001) (holding that the third condition for mandatory abstention was satisfied where "this case has already been commenced . . . in a state court forum of appropriate jurisdiction"). However, with respect to the final requirement for mandatory abstention, that the action can be timely adjudicated in state court, the Court concludes that Plaintiffs have failed to satisfy their burden. Plaintiffs have submitted to the Court evidence indicating that the average time from commencement to jury trial for a law case worth more than $50,000 brought in Madison County, Illinois, is over two and a half years. The Court is mindful that, to establish the "timely adjudication" requirement, a plaintiff need only show that an action can be timely adjudicated in state court, not that it can be more timely adjudicated in state court than in federal court. *See J.T. Thorpe Co. v. American Motorists*, No. Civ.A. H-02-4598, 2003 WL 23323005, at *3 (S.D. Tex. June 9, 2003) (citing *WRT*

*Creditors Liquidation Trust*, 75 F. Supp. 2d at 605). However, the Court finds it very difficult to conclude that an average adjudication time of over two and a half years is timely, particularly where data assembled by the Clerk of the United States Court of Appeals for the Seventh Circuit indicates that the average time for resolution of a case from commencement to trial in this Court is only twenty months. *See* Administrative Office of the United States Courts, *The Judicial Business of the United States Courts of the Seventh Circuit* (2004), Civil Table 4, *available at* http://www.ca7.uscourts.gov/rpt/2004.pdf. The Court holds that mandatory abstention is not appropriate in this case. *See Janazzo, Sr. v. Fleetboston Fin. Corp.*, No. 01 C 6939, 2002 WL 54541, at *5 (N.D. Ill. Jan. 15, 2002) (declining to grant mandatory abstention where statistical data compiled in the most recent Annual Report of the Illinois Courts showed that "for jury cases of more than $50,000 pending in the Circuit Court of Cook County, it takes an average of 43.5 months from the date a case is filed until a verdict is rendered").

### B.     Permissive Abstention

Having concluded that mandatory abstention is not proper in this case, the Court addresses next whether permissive abstention is proper. Under 28 U.S.C. § 1334, "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

There are twelve factors to consider in evaluating permissive abstention: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state-law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or

other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *See In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993); *In re Repurchase Corp.*, 329 B.R. 832, 836 (Bankr. N.D. Ill. 2005). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d at 1189; *see also In re Borgini*, No. 05-71455, 05-7110, 2005 WL 2205714, at *2 (Bankr. C.D. Ill. Aug. 25, 2005).[1]

In this case, a majority of relevant factors favors permissive abstention and equitable remand.

---

1. Although Plaintiffs assert both permissive abstention and equitable remand as grounds for remand in this case, in fact the analysis with respect to both is the same. "[T]he same considerations apply for discretionary abstention under [28 U.S.C.] § 1334(c)(1) as for remand under [28 U.S.C.] § 1452(b)." *In re Chapman*, 132 B.R. 153, 158 (Bankr. N.D. Ill. 1991); *see also J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 74 B.R. 651, 655 n.1 (N.D. Ill. 1987) ("Because equitable considerations relevant under § 1452(b) and § 1334(c)(1) are essentially identical, this court's treatment of voluntary abstention under § 1334(c)(1) also applies to [the movant's] § 1452(b) argument."); *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 215 (N.D. Ohio 2000) ("Permissive abstention under § 1334(c)(1) and equitable remand under § 1452(b) are essentially identical."); *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 759-60 (D.N.J. 1996) ("The equitable considerations relevant to determine the appropriateness of equitable remand and permissive abstention . . . are essentially identical, and, therefore, a court's analysis is substantially the same for both types of relief."). For purposes of Plaintiffs' motion for remand, the Court will treat the issues of permissive abstention and equitable remand as being the same.

This action will not affect the efficient administration of any bankruptcy estate, as Plaintiffs' bankruptcy estate is protected by the automatic stay, and the bankruptcy court and the bankruptcy trustee have been apprised of the pendency of this action. *See Beasley v. Personal Fin. Corp.*, 279 B.R. 523, 534 (S.D. Miss. 2002) ("[R]emanding the case will not effect [sic] the efficient administration of [the debtor's] bankruptcy estate. The bankruptcy trustee has equal access in either this Court or state court to any judgment, award, or settlement [the debtor] receives from Defendants."); *Broyles v. United States Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001) (holding that permissive abstention and equitable remand were warranted in a case removed in bankruptcy jurisdiction: "It is difficult to see what adverse effect would occur to the efficient administration of the . . . bankruptcy estate if this Court abstains or remands. The U.S. Bankruptcy Court . . . will retain jurisdiction over the core issues in that bankruptcy case.").

It is clear that state-law issues predominate over bankruptcy issues in this case; in fact, this case presents no bankruptcy issues whatsoever for the Court to decide. Also, as Defendant's counsel admitted at the hearing on Plaintiffs' motion for remand, it is unclear to what extent the decision of the Supreme Court of Illinois in *Price v. Philip Morris, Inc.*, defeats Plaintiffs' claims under Illinois law other than consumer fraud, so that the Court concludes that this case presents unsettled questions of state law. In any event, the Court is of the view that, whenever possible, state courts should decide issues of state law, particularly when, as here, state-law claims were sued on originally in state court. *See United States Brass Corp.*, 110 F.3d at 1265 ("[W]e cannot share [the removing defendant's] indignation that questions of Illinois law should be decided by the state courts of Illinois rather than by this court."); *see also In re Resource Tech. Corp.*, No. 03 C 5785, 2004 WL 419918, at *5 (N.D. Ill. Feb. 13, 2004); *cf. Beasley*, 279 B.R. at 534 ("State law issues

predominate over bankruptcy issues in this case and the questions of state law are neither difficult nor unsettled. The . . . state courts are certainly capable of hearing and resolving Plaintiffs' claims.").

As discussed, this case has no basis in federal subject matter jurisdiction apart from bankruptcy and involves no core proceedings. *See Barnett*, 909 F.2d at 981; *Wood*, 825 F.2d at 97; *Broyles*, 266 B.R. at 783. Also, this case is remote from any bankruptcy proceeding. *See McDaniel v. World Class Auto*, No. Civ.A. 4:00CV307-P-B, 2001 WL 34396202, at *3 (N.D. Miss. July 24, 2001) ("The relationship between the case at bar and the bankruptcy cases is remote – the parties have identified no bankruptcy issues which require consideration [and] obviously, state law issues are predominant in this case."); *Williams v. Chism*, 164 B.R. 735, 737 (N.D. Miss. 1994) (finding "no close nexus" between bankruptcy proceedings and medical malpractice claims). The parties in this case have all asserted their jury trial rights. *See In re Merry-Go-Round Enters., Inc.*, 222 B.R. 254, 257-58 (D. Md. 1998) (a decision to remand to state court a lawsuit brought by a trustee against a Chapter 11 debtor's financial advisor was not an abuse of discretion where the parties' jury trial rights could be most easily protected in state court); *see also Davis v. Life Investors Ins. Co. of Am.*, 282 B.R. 186, 194 (S.D. Miss. 2002). Finally, Defendant's denunciations of supposed forum-shopping by Plaintiffs notwithstanding, in the Court's opinion it is Defendant who is forum-shopping in this instance. The Seventh Circuit Court of Appeals has warned that "[t]he use of the Bankruptcy Code to obtain a favorable forum should not be encouraged." *United States Brass Corp.*, 110 F.3d at 1265; *see also Borgini*, 2005 WL 2205714, at *3 ("[T]he removal of the state court action to this Court unquestionably represents 'forum shopping[.]' There are no bankruptcy law issues presented in the matter; there is no independent basis for federal jurisdiction, and, as a

personal injury case with a jury demand, this Court must refer the matter for trial to the District Court.").

As a last matter, the Court concludes that considerations of comity obviously favor remand of a case that was filed in state court and arises entirely under state law. *See Lee v. Miller*, 263 B.R. 757, 762-63 (S.D. Miss. 2001). Also, in the Court's view, it is prejudicial to Plaintiffs to be required to litigate their claims in a court that they did not select. *See Thigpen v. Cheminova, Inc.*, 992 F. Supp. 864, 874 (S.D. Miss. 1997) ("The plaintiffs have already experienced considerable delay challenging the defendants' removal of this action from state court. At this juncture, the Court finds that principles of fairness require that the plaintiffs be allowed to litigate this lawsuit in their forum of choice."). In sum, the Court will remand this action on grounds of permissive abstention and equitable remand.

### CONCLUSION

For the foregoing reasons, the Motion for Mandatory Abstention, or in the Alternative for Permissive Abstention, or in the Alternative Remand brought by Plaintiffs David Albert Klohr and Judith Lee Klohr (Doc. 10) is **GRANTED**. Pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b), this action is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

DATED: 05/03/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge